IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, ET AL.,<br><br>    Defendants.<br><br>———————————————————<br><br>G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,<br><br>    Defendants. | Civ. No. 08-00551 ACK-BMK<br>Civ. No. 09-00044 ACK-BMK<br>(Consolidated) |

**ORDER GRANTING IN PART AND DENYING IN PART THE STATE DEFENDANTS' MOTION FOR A STAY TO ALLOW CERTIFICATION OF A QUESTION OF LAW TO THE HAWAII SUPREME COURT AND THE JOINDERS THEREIN**

On September 14, 2009, Defendants, the State of Hawaii, Department of Human Services ("State DHS"), and Lillian B. Koller, in her official capacity as the Director of the State DHS (collectively, "State Defendants"), filed a motion for a stay of this action to allow certification of a question of law to the Hawai'i Supreme Court. On September 15, 2009, Intervenors,

Wellcare Health Insurance of Arizona, Inc. d/b/a Ohana Health Plan ("Ohana") and United Healthcare Insurance Company d/b/a Evercare ("Evercare"), filed joinders in the motion. On September 17, 2009, Plaintiffs filed an opposition to the motion. On September 18, 2009, the State Defendants filed a reply. The same day, Intervenors filed joinders in the State Defendants' reply. On September 22, 2009, the Court held a hearing on the motion.

By way of background, the State Defendants awarded contracts to Intervenors in connection with a managed care program, the QUEST Expanded Access ("QExA") Program, under which Ohana and Evercare (collectively, "QExA Contractors") would provide the care for aged, blind, and disabled ("ABD") Medicaid beneficiaries. The contracts ("QExA Contracts") contemplate that each contractor would utilize a "closed panel" plan, which would require that each beneficiary's care "be obtained from the contracted network of providers if it is available within the network." In re AlohaCare, No. IC-08-142, Insurance Commissioner's Decision, Findings of Fact, Conclusions of Law and Order ("IC's Decision") at 4 (Jun. 2, 2009).

One of the central questions in this case is whether the QExA Contractors are, as contemplated by the Medicaid Act, "licensed or certified by the State as [] risk-bearing entit[ies]," 42 U.S.C. § 1396b(m)(1)(C)(i), such that they may

perform the services required under the QExA Contracts, including the utilization of "closed panel" plans.  Whether they may do so necessarily turns on the interpretation of state law, particularly Hawaiʻi Revised Statutes ("HRS") chs. 431:10A, which governs accident and health insurers, and 432D, which governs health maintenance organizations.  It would appear that the QExA Contractors have accident and health insurance licenses.  In re AlohaCare, IC's Decision at 4.  The critical question, in view of a recent decision by the State Insurance Commissioner, is whether the QExA Contractors must have health maintenance organization licenses in order to perform under the QExA Contracts and utilize "closed panel" plans ("License Question").  Id. at 9-11.  The Insurance Commissioner's decision, which is presently on appeal in state circuit court, answered the question in the negative, finding that accident and health insurance licenses were sufficient.  Id.  After reviewing the decision and the authorities cited therein, the Court finds that there may be room for a difference of opinion.  Compare id. with HRS §§ 1-17, 431:10A-205(b).  If health maintenance organization licenses are indeed required to perform under the QExA Contracts, then it would seem that the QExA Contractors are not sufficiently "licensed or certified by the State as [] risk-bearing entit[ies]."  See 42 U.S.C. § 1396b(m)(1)(C)(i).  The answer to the License Question is thus potentially determinative of whether

the QExA Contractors meet the solvency standards prescribed by the Medicaid Act.

The Court finds that the License Question is one of great importance to the State of Hawai'i, that the answer to the question is unclear under state law, and that the question should therefore be certified to the Hawai'i Supreme Court.[1/]  Such certification warrants a stay of any decision as to that sole question in Plaintiffs' case against the State Defendants.  See Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Apana v. TIG Ins. Co., 574 F.3d 679 (9th Cir. 2009) (staying proceedings pending the Hawai'i Supreme Court's answer to a certified question).  However, the State Defendants have not shown that a stay would be appropriate with respect to any other issue in this case, such as whether the QExA Contractors have established adequate healthcare provider networks or whether reimbursement rates for healthcare providers were improperly

---

[1/] At the hearing, Plaintiffs' counsel asserted that AlohaCare is a necessary party under Fed. R. Civ. P. 19.  The Court finds that the argument has no merit.

reduced.  In addition, the Court's decision to issue a stay shall only apply to the solvency issue in the action against the State Defendants.  The United States Department of Health and Human Services ("Federal DHHS") and the Secretary of the Federal DHHS (the Federal Defendants) have not moved for a stay in the action against them.

In light of the foregoing, the Court grants the State Defendants' motion, and the joinders therein, for a stay with respect to the License Question in the State action.  The Court denies the motion, and the joinders therein, insofar as it requests a stay as to any other issue.  An order will be issued certifying the License Question to the Hawai'i Supreme Court pursuant to Rule 13 of the Hawai'i Rules of Appellate Procedure. The parties may submit proposed questions for certification within seven days from the date of this Order.[2]

---

[2] The Court is inclined to certify the following question: Whether the QExA Contractors, who have accident and health insurance licenses under HRS ch. 431:10A, but who do not have health maintenance organization licenses under HRS ch. 432D, may perform under the QExA Contracts, which utilize "closed panel" plans.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, September 22, 2009.



_____
Alan C. Kay
Sr. United States District Judge

G. v. Hawai'i, Dep't of Human Servs., Civ. Nos. 08-00551 ACK-BMK & 09-00044 ACK-BMK:  Order Granting in Part and Denying in Part the State Defendants' Motion for a Stay to Allow Certification of a Question of Law to the Hawaii Supreme Court and the Joinders Therein