IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, ET AL.,<br><br>    Defendants.<br><br>──────────────────────────────<br><br>G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,<br><br>    Defendants. | Civ. No. 08-00551 ACK-BMK<br>Civ. No. 09-00044 ACK-BMK<br>(Consolidated) |

**ORDER (1) DENYING THE STATE DEFENDANTS' MOTION FOR A CONTINUATION OF THE STAY CURRENTLY IN PLACE AS TO THE LICENSE QUESTION IN THE ACTION AGAINST THEM AND INTERVENORS' JOINDERS THEREIN, (2) DENYING THE STATE DEFENDANTS' MOTION TO SHORTEN TIME AND INTERVENORS' JOINDERS THEREIN, AND (3) VACATING THE STAY**

      On October 2, 2009, the Court submitted the following certified question ("License Question") to the Hawai'i Supreme Court:

> Whether the QExA Contractors, who have accident and health insurance licenses under HRS ch. 431:10A, but who do not have health maintenance organization licenses under HRS

>ch. 432D, may perform under the QExA
>Contracts, which utilize "closed panel"
>plans.

The Court had previously on September 22, 2009, stayed proceedings with respect to the License Question in the action against the State Defendants.

On October 28, 2009, the Hawai'i Supreme Court declined to consider the License Question because "it appears that the question was answered by the June 2, 2009 Insurance Commissioner's Decision in In re AlohaCare, No. IC-08-142 and the decision is on appeal in the Circuit Court of the First Circuit, State of Hawai'i."

On October 29, 2009, the State Defendants filed a motion asking this Court to continue the stay as to the License Question to allow a Hawai'i state court to decide the question. They assert that the stay should continue because it would be appropriate for the Court to abstain from deciding the License Question in light of the Burford abstention doctrine. The State Defendants have also filed a motion to shorten time on the motion for a continuation of the stay. They assert that the motion should be heard on an expedited basis because the scope of permitted discovery is presently at issue. On October 30, 2009, Intervenors Evercare and Ohana filed joinders in both motions.

The Court finds that, in deciding whether to stay consideration of the License Question in the action against the

State Defendants, it would serve judicial economy to also evaluate the merits of the License Question in the event that the stay is found to be inappropriate.  The Court therefore denies the State Defendants' motion to continue the stay as to the License Question in the action against them, and Intervenors' joinders therein, so that motions for summary judgment may be filed as to the License Question.  Having done so, the Court also denies the State Defendants' motion to shorten time, and Intervenors' joinders therein, as moot.[1]  The Court hereby vacates the stay with respect to the License Question in the action against the State Defendants.[2]

Nevertheless, the Court will construe the State Defendants' motion to continue the stay as a motion for issuance of a stay on Burford abstention grounds and will set the hearing

---

[1] With respect to the discovery concerns that the State Defendants have raised in their motion to shorten time, it does not appear at this time that any extensive discovery would be pertinent to the License Question, which seems to present a question of law.

[2] The Court notes that the Hawaiʻi Supreme Court, in declining to consider the License Question, ruled in effect that the question had been answered by the Insurance Commissioner and that his decision was pending on appeal before the first circuit court, which has set the oral argument for December 2, 2009.  The Hawaiʻi Supreme Court thus appears to indicate that this Court should follow the ultimate ruling in the AlohaCare case.  As the State Defendants correctly observe, the action in state circuit court could eventually be before the Hawaiʻi Intermediate Court of Appeals and the Hawaiʻi Supreme Court, a result not unlike the Hawaiʻi Supreme Court having accepted this Court's certified question.

on the motion for December 14, 2009.  As the State Defendants have acknowledged in their motion to stay, the Ninth Circuit has clearly instructed that, to justify <u>Burford</u> abstention, the state must have "concentrated suits involving the local issue in a particular court."  <u>Poulos v. Caesars World, Inc.</u>, 379 F.3d 654, 671 (9th Cir. 2004) (quoting <u>Tucker v. First Md. Sav. & Loan, Inc.</u>, 942 F.2d 1401, 1405 (9th Cir. 1991)).  The Ninth Circuit mandates strict adherence to this requirement.  <u>See, e.g.</u>, <u>Kirkbride v. Continental Cas. Co.</u>, 933 F.2d 729, 734 (9th Cir. 1991) (holding that "the fact that California has not established a specialized court system to resolve disputes over insurance policy coverage convinces us that application of the <u>Burford</u> doctrine to this case is unwarranted").  If the State Defendants wish to supplement their <u>Burford</u> motion to stay, they may do so by November 13, 2009.[3]

The Court invites the parties to promptly file motions for summary judgment as to the License Question so that this case may proceed in a timely manner.  If they decide to do so, the motions also will be heard on December 14, 2009.

---

[3] In the event that Plaintiffs concur with the State Defendants that the action against the State Defendants should be stayed with respect to the License Question pending its ultimate resolution in the <u>AlohaCare</u> case, Plaintiffs should promptly notify the Court.

4

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, October 30, 2009.



_____
Alan C. Kay
Sr. United States District Judge

G. v. Hawai'i, Dep't of Human Servs., Civ. Nos. 08-00551 ACK-BMK & 09-00044 ACK-BMK: Order (1) Denying the State Defendants' Motion for a Continuation of the Stay Currently in Place as to the License Question in the Action Against Them and Intervenors' Joinders Therein, (2) Denying the State Defendants' Motion to Shorten Time and Intervenors' Joinders Therein, and (3) Vacating the Stay