IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL., )<br>)<br>)<br>Plaintiffs,              )<br>)<br>   vs.                        )<br>)<br>STATE OF HAWAII, DEPARTMENT OF )<br>HUMAN SERVICES, ET AL.,        )<br>)<br>Defendants.        )<br>_____) <br>)<br>G., PARENT AND NEXT FRIEND OF   )<br>K., A DISABLED CHILD, ET AL.,   )<br>)<br>Plaintiffs,              )<br>)<br>   vs.                        )<br>)<br>UNITED STATES DEPARTMENT OF     )<br>HEALTH AND HUMAN SERVICES, ET   )<br>AL.,                            )<br>)<br>Defendants.        )<br>_____) | Civ. No. 08-00551 ACK-BMK<br>Civ. No. 09-00044 ACK-BMK<br>(Consolidated) |

**ORDER (1) DENYING PLAINTIFFS' MOTION FOR ORDER REQUIRING FEDERAL DEFENDANTS TO SUPPLEMENT THE RECORD AND FILE ADDITIONAL ARGUMENTS OR FOR SUMMARY JUDGMENT BASED ON EXPIRATION DATE OF FEDERAL APPROVAL OF CONTRACTS AND (2) DENYING THE STATE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION AS MOOT**

The Plaintiffs in this case are comprised of aged, blind, and disabled ("ABD") beneficiaries under Hawaii's Medicaid program and some healthcare providers.  On November 15, 2009, Plaintiffs filed a motion (1) for an order requiring the Federal

Defendants[1] to supplement the administrative record and file additional arguments in support of their motion for summary judgment or (2) for summary judgment based on the expiration date of federal approval of the QUEST Expanded Access ("QExA") Contracts ("Pls.' Mot."). The motion was accompanied by a memorandum in support ("Pls.' Mem.") and a concise statement of facts ("Pls.' CSF"). On November 16, 2009, the State Defendants[2] filed a motion to strike Plaintiffs' motion, along with a memorandum in support ("St. Defs.' Mem.").

Pursuant to D. Haw. Local R. 7.2(d), the Court finds that a hearing in this matter is neither necessary nor appropriate. For the reasons that follow, the Court will deny Plaintiffs' motion and deny the State Defendants' motion to strike Plaintiffs' motion as moot.

## BACKGROUND

The Court is presently set to hear three motions for summary judgment in the action against the Federal Defendants on December 7, 2009.[3] Two of the motions were filed by Plaintiffs

---

[1] The Federal Defendants are the United States Department of Health and Human Services and the Secretary thereof, Kathleen Sebelius.

[2] The State Defendants are the State of Hawaii, Department of Human Services, and the Director thereof, Lillian B. Koller.

[3] The Court is also set to hear two motions for summary judgment in the action against the State Defendants on December 14, 2009.

and the last was filed by the Federal Defendants.  The Federal Defendants' motion seeks summary judgment on, among other things, Plaintiffs' claim that the Centers for Medicare and Medicaid Assistance ("CMS") acted arbitrarily and capriciously in approving the QExA Contracts on January 30, 2009.  See Fed. 3d Am. Compl. ¶¶ 2, 103-04; Administrative Record ("AR"), filed 9/8/09, at 3925-26; Fed. Defs.' Mot. for Summary J., filed 10/14/09.

The QExA Program is Hawaii's recently-established Medicaid managed-care program for ABD beneficiaries.  Two entities were awarded contracts to provide Medicaid services to ABD beneficiaries.  Those entities are Intervenors WellCare Health Insurance of Arizona, Inc., d/b/a Ohana Health Plan and United Healthcare Insurance Company d/b/a Evercare.  The contracts that they were awarded are referred to herein as the QExA Contracts.

Under the Medicaid Act, the CMS must approve the QExA Contracts and, in so doing, must ascertain whether capitation rates are actuarially sound pursuant to 42 U.S.C. § 1396b(m)(2)(A)(iii) and 42 C.F.R. § 438.6(c)(2).  While assessing the QExA Program, the CMS received an actuarial certification for the QExA Contracts that was dated February 26, 2008.  AR 5111-12.  While the term of the QExA Contracts was for February 15, 2008, through June 30, 2011, the actuarial

certification of capitation rates was only for the period of November 1, 2008, through June 30, 2009. Pls.' CSF ¶ 1. The CMS approved the QExA Contracts on January 30, 2009, and stated that "[a]pproval of the contracts after September 30, 2009 is conditioned upon submission of documentation of actuarially sound rates as described in 42 C.F.R. § 438.6(c)." AR 3925.

In their third amended complaint against the Federal Defendants, the only issues that Plaintiffs have raised are (1) whether the CMS acted arbitrarily and capriciously in granting a 42 U.S.C. § 1315(a) waiver of the "freedom of choice" provision, 42 U.S.C. § 1396a(a)(23), for the QExA Program and (2) whether the CMS acted arbitrarily and capriciously in approving the QExA Contracts on January 30, 2009. See, e.g., Fed. 3d Am. Compl. ¶¶ 2-3, 6-7, 103-07. While the Plaintiffs assert in their third amended complaint that the CMS acted arbitrarily and capriciously in approving the QExA Contracts for a number of reasons, they do not contend that the CMS failed to ascertain whether capitation rates were actuarially sound, as required by 42 U.S.C. § 1396b(m)(2)(A)(iii) and 42 C.F.R. § 438.6(c)(2). It is thus not surprising that the Federal Defendants did not address the actuarial-certification issue in their motion for summary judgment. Nevertheless, it is apparent that Plaintiffs are attempting to raise the actuarial-certification point in this case, as they have filed a motion for summary judgment on that

score.  Pls.' Mot. for Summary J. Against Fed. Defs. Based on Unlawful Premium Tax Reimbursement, filed 10/14/09.  Specifically, they contend that the CMS's January 30, 2009, approval of the QExA Contracts was arbitrary and capricious because the capitation rates were not, at that point, actuarially sound.  See id.

## DISCUSSION

In their new motion, filed November 15, 2009, Plaintiffs contend that, because it is now past September 30, 2009, one of two things must have happened:  either (1) the CMS has received and approved a new actuarial certification for the QExA Contracts or (2) it has not.  Pls.' Mot. 2.

Plaintiffs contend that, in the former event, the Court should order the Federal Defendants to supplement the administrative record and their motion for summary judgment to address the CMS's recent determination of the actuarial soundness of the capitation rates for the QExA Program.  Id. at 3.  They maintain that they should also be granted two weeks to respond to the Federal Defendants' supplemented argument from the date it is filed.  Id.

On the other hand, Plaintiffs assert that, in the latter event (i.e., there has been no actuarial-certification approval), the QExA Program would now be invalid (or at least ineligible for federal financial participation, see 42 U.S.C.

§ 1396b(m)(2)(A)(iii)).  Pls.' Mot. 4.  They contend that, if that turns out to be the case, the Court should order expedited briefing and a hearing on whether the absence of the actuarial-certification approval entitles them to judgment in their favor. Id. at 4.

Plaintiffs maintain that, whatever the case may be, the Federal Defendants' motion for summary judgment should not be heard until the Court resolves the issue of whether an actuarial certification was recently re-approved after the initial certification expired on June 30, 2009.  Pls.' Mem. 5.

The Court disagrees.  On the issue of contract approval, the only point that the Plaintiffs advanced in their third amended complaint against the Federal Defendants is that the CMS acted arbitrarily and capriciously in approving the QExA Contracts on January 30, 2009.  See Fed. 3d Am. Compl. ¶¶ 2, 103-04.  Consequently, that is the only contract-approval question set forth in the Federal Defendants' motion for summary judgment.  The question may involve an evaluation of the sub-issue of whether, as a matter of law, the evidence in the administrative record permitted the CMS to determine that the capitation rates for the QExA Program were actuarially sound when it issued its initial approval, given that Plaintiffs are trying to raise that sub-issue in one of their motions for summary judgment.  See Occidental Eng'g Co. v. Immigration &

Naturalization Serv., 753 F.2d 766, 769 (9th Cir. 1985) ("[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."); Pls.' Mot. for Summary J. Against Fed. Defs. Based on Unlawful Premium Tax Reimbursement, filed 10/14/09.

Still, the contract-approval question will not require the Court to evaluate any actions that the CMS took after it approved the QExA Contracts on January 30, 2009. Such actions are plainly not before the Court at this juncture. In ruling on the Federal Defendants' motion for summary judgment, the Court will simply not decide the propriety of any actions that the CMS took after January 30, 2009.

If Plaintiffs feel that they are entitled to raise the question of whether the CMS recently re-approved an actuarial certification of capitation rates for the QExA Program and have the Federal Defendants produce an administrative record as to that issue, they should seek leave to amend their third amended complaint against the Federal Defendants or consider filing a new complaint against the Federal Defendants. The Court does not decide at this time whether such an amendment should be allowed, but it is fairly late in the day to be asserting new claims in this action. Whatever they may decide to do, Plaintiffs' ability to challenge any recent approval by the CMS will not be

prejudiced by the Court's decision to hear the Federal Defendants' motion for summary judgment on December 7, 2009, because any question regarding a recent approval by the CMS will not be addressed at that time.

In short, the Court finds that the issue of whether the CMS recently re-approved the QExA Program's actuarial certification has no bearing on the questions presented in this case in general or the Federal Defendants' motion for summary judgment in particular.

Furthermore, as the State Defendants correctly observe, Plaintiffs' November 15, 2009, motion for summary judgment against the Federal Defendants is plainly untimely under the Rule 16 Scheduling Order, which set the dispositive motions deadline in the action against the Federal Defendants for October 14, 2009.  See St. Defs.' Mem. 4-5; Rule 16 Scheduling Order, filed 5/14/09, at 2; Order Granting in Part and Denying in Part Pls.' Mot. to Amend Rule 16 Scheduling Order in Civ. No. CV08-00551 ACK-BMK, filed 10/14/09, at 3.

## **CONCLUSION**

In accordance with the foregoing, the Court denies Plaintiffs' November 15, 2009, motion.  Having denied Plaintiffs' motion, the Court also denies the State Defendants' motion to strike Plaintiffs' motion as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, November 16, 2009.



_____
Alan C. Kay
Sr. United States District Judge

G. v. Hawai'i, Dep't of Human Servs., Civ. Nos. 08-00551 ACK-BMK & 09-00044 ACK-BMK:  Order (1) Denying Plaintiffs' Motion for Order Requiring Federal Defendants to Supplement the Record and File Additional Arguments or for Summary Judgment Based on Expiration of Federal Approval of Contracts and (2) Denying the State Defendants' Motion to Strike Plaintiffs' Motion as Moot