IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, ET AL.,<br><br>　　　　Defendants.<br>―――――――――――――――――――――<br>G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,<br><br>　　　　Defendants.<br>―――――――――――――――――――――| Civ. No. 08-00551 ACK-BMK<br>Civ. No. 09-00044 ACK-BMK<br>(Consolidated) |

**ORDER GRANTING THE FEDERAL DEFENDANTS' MOTION TO STRIKE, AND THE JOINDERS THEREIN, (1) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON LICENSURE AND SOLVENCY INSOFAR AS THE MOTION IS ASSERTED AGAINST THE FEDERAL DEFENDANTS AND (2) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT BASED ON WELLCARE'S FILING OF UNAPPROVED LICENSURE CERTIFICATION, WHICH IS ONLY ASSERTED AGAINST THE FEDERAL DEFENDANTS**

　　　　On November 17, 2009, Plaintiffs filed (1) a motion for summary judgment on licensure and solvency ("Plaintiffs' Solvency Motion for Summary Judgment") and (2) a motion for summary judgment based on Intervenor WellCare (Ohana) filing of

unapproved licensure certification ("Plaintiffs' WellCare Motion for Summary Judgment").  Plaintiffs' Solvency Motion for Summary Judgment is asserted against both the Federal and State Defendants, whereas Plaintiffs' WellCare Motion for Summary Judgment is asserted against only the Federal Defendants.

On November 20, 2009, the Federal Defendants filed a motion to strike as untimely Plaintiffs' Solvency Motion for Summary Judgment and Plaintiffs' WellCare Motion for Summary Judgment to the extent that those motions are asserted against the Federal Defendants.  The same day, Ohana and the State Defendants filed joinders in the motion to strike.  On November 23, 2009, Intervenor Evercare filed a joinder in the motion to strike.

The Court previously directed that any opposition to the motion to strike shall be filed by November 23, 2009.  Order Continuing the December 7, 2009, Hearing on Motions for Summary Judgment to December 14, 2009, and Setting Briefing Deadlines, filed 11/20/09 ("11/20/09 Order"), at 4.  Plaintiffs did not file an opposition by that date.

The Court finds that a hearing in this matter is neither necessary nor appropriate.  See D. Haw. Local R. 7.2(d) (2002).

**DISCUSSION**

**I.  Federal Defendants**

With respect to Plaintiffs' WellCare Motion for Summary Judgment and those portions of Plaintiffs' Solvency Motion for Summary Judgment that are asserted against the Federal Defendants, it would appear that those motions, both of which were filed on November 17, 2009, are untimely under the Rule 16 Scheduling Order.  The order sets forth a dispositive motions deadline in the action against the Federal Defendants for October 14, 2009.  Rule 16 Scheduling Order, filed 5/14/09, at 2.  (The dispositive motions deadline in the action against the State Defendants has been extended to December 15, 2009.  Order Granting in Part and Denying in Part Pls.' Mot. to Amend Rule 16 Scheduling Order in Civ. No. CV08-00551 ACK-BMK, filed 10/14/09, at 3.)

Furthermore, to the extent that Plaintiffs' two motions for summary judgment could be construed as counter-motions to the Federal Defendants' motion for summary judgment, filed October 14, 2009, Plaintiffs' motions would nevertheless be untimely.  This is because the dispositive motions deadline set forth in the Rule 16 Scheduling Order applies to counter-motions.  See Doe v. Haw. Dep't of Educ., 351 F. Supp. 2d 998, 1007-08 (D. Haw. 2004).

Finally, the Court notes that the dispositive motions deadline in the action against the Federal Defendants was not

3

amended by the Court's October 30, 2009, order.  In that order, the Court invited the parties to file motions for summary judgment as to the question of whether the licenses held by Intervenors enabled them to perform under the managed-care contracts that are at issue in this case ("License Question"). Order (1) Denying the St. Defs.' Mot. for a Continuation of the Stay Currently in Place as to the License Question in the Action Against Them and Intervenors' Joinders Therein, (2) Denying the St. Defs.' Mot. to Shorten Time and Intervenors' Joinders Therein, and (3) Vacating the Stay, filed 10/30/09 ("10/30/09 Order"), at 4.

Plaintiffs' Solvency Motion for Summary Judgment addresses the License Question in certain respects as it applies to the State and Federal Defendants.  However, in its October 30, 2009, order, the Court only invited motions for summary judgment on the License Question in the action against the State Defendants.  Id. at 2-4.

Indeed, the reason that the Court suggested that such motions be filed in the first place was that it had just lifted a stay as to the License Question in the action against the State Defendants.  Id.  There was no such stay entered in the action against the Federal Defendants.  See Order Granting in Part and Denying in Part the St. Defs.' Mot. for a Stay to Allow Certification of a Question of Law to the Hawaii Supreme Court

4

and the Joinders Therein, filed 9/22/09, at 5 ("[T]he Court's decision to issue a stay shall only apply to the solvency issue in the action against the State Defendants. The [Federal Defendants] have not moved for a stay in the action against them."). Thus, in inviting motions for summary judgment as to the License Question in its October 30, 2009, order, the Court did not permit motions to be filed as to that question in the action against the Federal Defendants after the dispositive motions deadline set forth in the Rule 16 Scheduling Order. See 10/30/09 Order 2-4.

      Accordingly, the Court will grant the Federal Defendants' motion to strike, and the joinders therein, (1) those portions of Plaintiffs' Solvency Motion for Summary Judgment that are asserted against the Federal Defendants and (2) Plaintiffs' WellCare Motion for Summary Judgment, which is only asserted against the Federal Defendants. See Doe, 351 F. Supp. 2d at 1007-08 (dismissing an untimely counter-motion for summary judgment).

**II.  State Defendants**

      As noted earlier, portions of Plaintiffs' Solvency Motion for Summary Judgment appear to be asserted against the State Defendants. That motion is currently set for hearing on December 14, 2009. 11/20/09 Order 3. The portions of Plaintiffs' Solvency Motion for Summary Judgment that are

asserted against the State Defendants shall still be heard on December 14, 2009.  As noted in the November 20, 2009, order, any oppositions to Plaintiffs' Solvency Motion for Summary Judgment as it applies to the State Defendants shall be due by December 1, 2009, and any replies shall be due by December 7, 2009.

## **CONCLUSION**

In light of the foregoing, the Court:

(1) GRANTS the Federal Defendants' motion to strike, and the joinders therein, (a) those aspects of Plaintiffs' Solvency Motion for Summary Judgment that are asserted against the Federal Defendants and (b) Plaintiffs' WellCare Motion for Summary Judgment;

(2) DIRECTS that any oppositions as to Plaintiffs' Solvency Motion for Summary Judgment as it applies to the State Defendants shall remain due by December 1, 2009; and

(3) DIRECTS that any replies as to Plaintiffs' Solvency Motion for Summary Judgment as it applies to the State Defendants shall remain due by December 7, 2009.

```
        IT IS SO ORDERED.

        DATED:  Honolulu, Hawai'i, November 24, 2009.
```



```
                                _____
                                Alan C. Kay
                                Sr. United States District Judge
```

G. v. Hawai'i, Dep't of Human Servs., Civ. Nos. 08-00551 ACK-BMK & 09-00044 ACK-BMK:  Order Granting the Federal Defendants' Motion to Strike, and the Joinders Therein, (1) Plaintiffs' Motion for Summary Judgment on Licensure and Solvency Insofar as the Motion is Asserted Against the Federal Defendants and (2) Plaintiffs' Motion for Summary Judgment Based on WellCare's Filing of Unapproved Licensure, Which is Only Asserted Against the Federal Defendants