IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, ET AL.,<br><br>　　　　Defendants.<br>_____<br><br>G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,<br><br>　　　　Defendants.<br>_____ | Civ. No. 08-00551 ACK-BMK<br>Civ. No. 09-00044 ACK-BMK<br>(Consolidated) |

**ORDER GRANTING THE FEDERAL DEFENDANTS' MOTION, AND THE JOINDER THEREIN, TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

On December 4, 2009, the Federal Defendants filed a motion to supplement the administrative record and a memorandum in support ("Fed. Defs.' Mem."). On December 7, 2009, Intervenor WellCare of Arizona filed a joinder in the motion. On December 8, 2009, Plaintiffs filed an opposition to the motion ("Pls.' Opp'n"). On December 10, 2009, the Federal Defendants filed a reply ("Fed. Defs.' Reply"). The Court finds that a hearing in

this matter is neither necessary nor appropriate.  See D. Haw. Local R. 7.2(d).

## BACKGROUND

On August 18, 2009, the Court directed the Federal Defendants to file the administrative record in this matter by September 8, 2009.  On September 8, 2009, the Federal Defendants filed the administrative record.

On November 17, 2009, Plaintiffs filed a motion for summary judgment, which asserted that an approval by the Centers for Medicare and Medicaid Services ("CMS") of a Medicaid managed care contract between the State of Hawaii, Department of Human Services, and WellCare of Arizona ("QExA Contract") was arbitrary and capricious because the CMS relied on a fraudulent document submitted by WellCare of Arizona ("WellCare motion for summary judgment").  Pls.' Mem. in Support of their Mot. for Summ. J. Based on WellCare Filing of Unapproved Licensure Certification ("Pls.' WellCare Mem."), filed 11/17/09, at 23 n.14.  The document is included in the administrative record.  AR 2063.  It is a one-page certification regarding the insurance licenses that WellCare of Arizona held for purposes of its Medicare activities. Id.  The document indicates that WellCare of Arizona had an indemnity license and a health maintenance organization license. Id.  However, unlike a similar certification document in the administrative record, this document does not include a signature

2

page, which is meant to be signed by an official from the State Insurance Division.  See id. at 2061-62.  Plaintiffs argued in their WellCare motion for summary judgment that it was improper for the Federal Defendants to rely on the unsigned certification document in ascertaining whether the licence that WellCare of Arizona held was sufficient to perform the services required under the its QExA Contract because the document was missing its signature page.  Pls.' WellCare Mem. 23 n.14.

On November 24, 2009, the Court granted the Federal Defendants' motion to strike Plaintiffs' WellCare motion for summary judgment on the ground that the motion for summary judgment was untimely under the Rule 16 Scheduling Order, which set a dispositive motions deadline for October 14, 2009.  The motion was not opposed by Plaintiffs.  They explain that the motion to strike "was unopposed because Wellcare had, in the interim, come up with a purported signature page to the document."  Pls.' Opp'n 2 n.1.

## DISCUSSION

In their motion to supplement, the Federal Defendants ask to add the signature page of the certification document to the administrative record.  Fed. Defs.' Mem. 3.  They explain that the certification document that they had in their possession was a one-page, two-sided document and that they accidently failed to copy the back side of the document when compiling the

3

administrative record.  Id.  Plaintiffs offer a host of reasons as to why the motion to supplement should be denied.

**First**, Plaintiffs contend that the document was received electronically, as the administrative record reflects that it was attached to an e-mail.  Pls.' Opp'n 3; AR 2059 (attaching a "certificate from the Hawaii Department of Insurance showing that WellCare/Arizona is appropriately licensed in the state"); id. at 2061-63 (licensure certification documents). They assert that the Federal Defendants fail to explain how the document went from being a two-page electronic document to a one-page, two-sided paper document that had to be copied for production of the administrative record.  Pls.' Opp'n 3.  In their reply, the Federal Defendants explain that two-page, electronic document became a one-page, two-sided paper document because it was printed out by the CMS as a one-page, two-sided document and placed in its files.  Fed. Defs.' Reply 3.  The Court finds that the Federal Defendants have reasonably explained how the electronic document became two-sided.

**Second**, Plaintiffs assert that, if the Federal Defendants routinely make two-sided copies of their documents, it would have been their practice to examine both sides or copy both sides.  Pls.' Opp'n 3.  Plaintiffs maintain that, given the state of technology, it is reasonable to assume that it would be difficult to actually locate a scanner or copier that did not

4

routinely detect and reproduce two-sided documents when the operator is expecting only single-sided documents. Id. at 3-4. It is apparent that the Federal Defendants did not have access to the type of copier that Plaintiffs describe.

**Third**, Plaintiffs claim that the Federal Defendants have failed to provide a reasonable explanation as to why they did not have enough time to review the administrative record, which spans roughly 5,200 pages in length, and ensure that one page, the signature page, was included before the record was produced. Id. at 4. The Federal Defendants have provided a reasonable explanation: They made a clerical error.

**Fourth**, Plaintiffs complain that the Federal Defendants have forced them to file motions to compel discovery in order to obtain documents the Federal Defendants have allegedly omitted from the administrative record. Id. Plaintiffs maintain that the Federal Defendants have opposed all discovery into documentation which should have been in the record. Id. Plaintiffs' argument seems to be that, because the Federal Defendants have opposed discovery, they should not be permitted to supplement the administrative record.

Whether Plaintiffs are entitled to discovery depends on whether they can show that the need for discovery falls within one of several narrowly-crafted exceptions to the "general rule that courts reviewing an agency decision are limited to the

5

administrative record," one of which arises where "'the agency has relied on documents not in the record.'" Lands Council v. Powell, 395 F.3d 1019, 1029-30 (9th Cir. 2005) (quoting Sw. Ctr. for Biological Diversity v. United States Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996)).  The Ninth Circuit recognized that particular exception in Public Power Council v. Johnson, 674 F.2d 791 (9th Cir. 1982), where it observed that some courts have "permitted discovery when those challenging agency action have contended the record was incomplete, in order to provide a record of all documents and materials directly or indirectly considered by the agency decisionmakers." Id. at 794.  In this case, then, just as the Plaintiffs may obtain discovery if they can carry the burden of proving that this exception applies, the Federal Defendants should likewise be permitted to supplement the administrative record by showing that the record is in some respect incomplete.  The Court finds that the Federal Defendants have done so in their motion to supplement.

**Fifth**, Plaintiffs contend that the motion to supplement should be denied because their Fed. R. Civ. P. 56(f) motion to continue the hearing on the Federal Defendants' motion for summary judgment, which the Federal Defendants opposed, was denied.  In their motion for a continuance, Plaintiffs requested that they be permitted to conduct discovery as to allegations that two subsidiaries of WellCare of Arizona's parent company,

WellCare Health Plans, Inc., had engaged in Medicaid fraud in Florida.  Specifically, Plaintiffs wanted to obtain authenticated records of the alleged fraud.  The Court denied the motion for a continuance because it found that Plaintiffs had known about the fraud allegations since this case began on January 30, 2009, and that they had thus failed to diligently conduct discovery as to those allegations before seeking a continuance.  Order Denying Pls.' Mot. to Continue the Hearing on the Fed. Defs.' Mot. for Summ. J., filed 11/13/09, at 6.

By contrast, in the present matter, there has been no showing that the Federal Defendants have failed to diligently compile and produce the administrative record.  Their failure to include the signature page to the certification document, one page out of nearly 5,200, is at most a clerical error.  They were made aware of the omission on November 17, 2009, when Plaintiffs filed their WellCare motion for summary judgment.  The Federal Defendants' December 4, 2009, motion to supplement was filed with reasonable promptness.

**Sixth**, Plaintiffs posit that the Federal Defendants' late submission denies them a fair opportunity to respond.  Pls.' Opp'n 5.  Plaintiffs have, however, admitted that they have had "a purported signature page" to the certification document in their possession before the Court granted the motion to strike the Evercare motion for summary judgment on November 24, 2009.

7

Id. at 2 n.1.  Plaintiffs have not shown that they have been prejudiced by the Federal Defendants' belated production of the signature page.

In short, the Court finds Plaintiffs' arguments unpersuasive.  The Federal Defendants' failure to file the signature page of the certification document was an inadvertent clerical error and they have sought to remedy their mistake in a timely manner.  Plaintiffs have not demonstrated that they have been prejudiced by the late submission.  Accordingly, the Court will grant the Federal Defendants' motion, and the joinder therein, to supplement the administrative record.

## **CONCLUSION**

In light of the foregoing, the Court grants the Federal Defendants' motion, and the joinder therein, to supplement the administrative record.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, December 10, 2009.



_____
Alan C. Kay
Sr. United States District Judge

G. v. Hawai'i, Dep't of Human Servs., Civ. Nos. 08-00551 ACK-BMK & 09-00044 ACK-BMK:  Order Granting the Federal Defendants' Motion, and the Joinder Therein, to Supplement the Administrative Record