IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES, ET AL., <br><br> Defendants. | Civ. No. 08-00551 ACK-BMK <br> Civ. No. 09-00044 ACK-BMK <br> (Consolidated) |
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL., <br><br> Defendants. | |

**ORDER GRANTING INTERVENOR EVERCARE'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

**PROCEDURAL HISTORY**

On September 22, 2009, this Court entered a protective order to govern discovery in this case ("Protective Order"). Docket no. 262. The Protective Order covers, among other things, "Protected Health Information" ("PHI") defined as:

> (a) any information about Plaintiffs or third parties relating to their health, medical conditions, diagnosis, and treatments protected by federal and/or state law including but not limited

>     to information relating to HIV status, mental
>     health, and substance abuse, and (b) any
>     aggregation of Protected Health Information.

Protective Order ¶ 3.  The Protective Order further requires a party seeking to file a motion that contains PHI to "first prepare a motion or stipulation to allow filing of such information in redacted form or under seal."  Protective Order ¶ 13.  The aged, blind, or disabled ("ABD") Plaintiffs have been proceeding under pseudonyms in this litigation and their identities have not been publically disclosed.

On June 24, 2010, Intervenor United Healthcare Insurance Company d/b/a Evercare ("Evercare") filed a motion for leave to file certain exhibits (A-P and R-S) in support of its planned motion for summary judgment relating to Plaintiffs' claims under Title II of the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act under seal ("Evercare's Motion to Seal").  The motion was accompanied by a memorandum in support ("Evercare's Motion to Seal Mem.") and the declaration of Evercare's counsel Dianne W. Brookins ("Brookins Decl.").[1]

### STANDARD

The Ninth Circuit has recognized a strong presumption of public access to judicial records applies to documents

---

[1] The Court finds that a hearing on this matter is neither necessary nor appropriate.  See Local Rule 7.2(d).

2

attached to dispositive motions.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  In order to seal documents attached to dispositive motions, there must be "compelling reasons" to support secrecy.  Id. at 1180.  "That is, the party must 'articulate[] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. (internal citations omitted).

        The need to protect medical privacy qualifies as a "compelling reason."  See Lombardi v. TriWest Healthcare Alliance Corp., CV 08-02381, 2009 WL 1212170, *1 (D. Ariz. May 4, 2009) (allowing the defendant to file exhibits under seal where they contained "sensitive personal and medical information" (citing Kamakana, 447 F.3d at 1179)); Montin v. Ramsey, CV 08-3082, 2009 WL 2225621, *2 (D. Neb. July 16, 2009) (allowing a reply brief and exhibits to be filed under seal where they contained medical and treatment records); Skinner v. Ashan, CV 04-2380, 2007 WL 708972, *2 (D.N.J. Mar. 2, 2007) (observing that medical records "have long been recognized as confidential in nature").

## DISCUSSION

        Evercare requests that exhibits A-P and R-S, which mostly consist of deposition testimony from the ABD Plaintiffs, be filed under seal because they contain "information about

3

Plaintiffs' medical conditions and treatment protected by state and federal law and also disclose Plaintiffs' identifies." Evercare's Motion to Seal Mem. at 2.[2/]  Evercare asserts that the "compelling reasons" test is satisfied in this instance in order to protect the medical privacy of the ABD Plaintiffs, and the Court agrees.  See Kamakana, 447 F.3d at 1179; see also D. Haw. Local Rule 83.12.

Evercare further asserts that requiring redaction would be unduly burdensome in this case, and that admitting the exhibits under seal would be the best course of action. Evercare's Motion to Seal Mem. at 6-7.  The Court agrees that requiring redaction in this case would be unduly burdensome, and observes that the Court would benefit from a review of the unredacted versions of the deposition testimony.

Finally, Evercare states that it has sought to make the "minimum necessary disclosure" of PHI in the memorandum in support of the proposed summary judgment, by using pseudonyms and discussing the PHI in a cursory fashion wherever possible.  Id.[3/]

---

[2/] Specifically, Evercare observes that the Intervenors and the State of Hawaii, Department of Human Services ("State DHS") are all covered entities under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320 et seq. ("HIPAA") and are therefore obligated to comply with that law and its implementing regulations.  See Evercare's Motion to Seal Mem. at 4-5 (citing 45 C.F.R. Parts 160 and 164).

[3/] 45 C.F.R. § 164.502(b)(1) provides:

(continued...)

By sealing the exhibits that contain the ABD Plaintiffs' deposition testimony, the amount of PHI disclosed will be greatly minimized.

In the light of the foregoing, the Court finds that there are compelling reasons to submit exhibits A-P and R-S under seal.  Accordingly, the Court grants Evercare's Motion to Seal.

## CONCLUSION

Upon review of Evercare's Motion to Seal, the declaration of Dianne W. Brookins attached thereto, the exhibits proposed to be filed under seal, and finding compelling reasons to support secrecy,

IT IS HEREBY ORDERED that Evercare's Motion to Seal is granted, and the clerk of the Court is ordered to file the following documents under seal with the above-entitled court.

> 1. Exhibits A-P in support of Evercare's Motion for Partial Summary Judgment regarding the ADA and Rehabilitation Act Claims;

---

[3]/(...continued)
> When using or disclosing protected health information or when requesting protected health information from another covered entity, a covered entity must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request.

45 C.F.R. § 164.502(b)(1).

5

   2. Exhibits R-S in support of Evercare's Motion for Partial Summary Judgment regarding the ADA and Rehabilitation Act Claims.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, June 25, 2010.



_____
Alan C. Kay
Sr. United States District Judge

G. v. Hawaii, Department of Human Services, Civ. Nos. 08-00551 ACK-BMK, 09-00044 ACK-BMK:  Order Granting Intervenor Evercare's Motion for Leave to File Exhibits Under Seal