IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, ET AL.,<br><br>　　　　Defendants.<br>_____<br>G., PARENT AND NEXT FRIEND OF K., A DISABLED CHILD, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,<br><br>　　　　Defendants.<br>_____ | Civ. No. 08-00551 ACK-BMK<br>Civ. No. 09-00044 ACK-BMK<br>(CONSOLIDATED)<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS STATE OF HAWAII DEPARTMENT OF HUMAN SERVICES AND LILLIAN B. KOLLER'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS STATE OF HAWAII DEPARTMENT OF HUMAN SERVICES AND LILLIAN B. KOLLER'S BILL OF COSTS

Before the Court is State of Hawaii Department of Human Services and Lillian B. Koller's ("Defendants") Bill of Costs, which seeks $21,069.84 in costs. After reviewing the parties' submissions and relevant legal authority, the Court finds and recommends that Defendants' Bill of Costs be GRANTED IN PART and DENIED IN PART.[1] Specifically, the Court recommends that the Court tax $14,212.57 in costs in favor of Defendants.

## BACKGROUND

Defendants seek an award of costs in this case, which arose from a dispute over the method by which the State of Hawaii provides Medicaid services to aged, blind, and disabled beneficiaries. (Doc. 919 at 1.) Plaintiffs are comprised of two groups: (1) eight aged, blind, and disabled medicaid beneficiaries ("ABD Plaintiffs"), and (2) eight providers who provide services to ABD beneficiaries ("Provider Plaintiffs"). (Id. at 2 n.1.)

On January 7 and January 21, 2011, Judge Kay issued Findings of Fact, Conclusions of Law, and Decision as well as Amended Findings of Fact, Conclusions of Law, and Decision, respectively, finding against Plaintiffs on all remaining counts and finding Plaintiffs were not entitled to injunctive relief. (Doc. 919 at 4.) On January 14, 2011, Defendants filed a Bill of Costs seeking

---

[1] Pursuant to Local Rule 7.2(d), the Court elects to decide this matter without a hearing.

taxable costs of $21,069.84. (Doc. 918 at 5.) On January 21, 2011, Plaintiffs filed Objections to the Bill of Costs. (Doc. 921.)

DISCUSSION

In Plaintiffs' Objections to the Bill of Costs, Plaintiffs argue (1) applying the Stanley factors commands a denial of Defendants' request for costs against ABD Plaintiffs, and the costs not recoverable from ABD Plaintiffs should not be shifted to Provider Plaintiffs; (2) Defendants' request for copying costs in Exhibits N and O should be denied because the costs are grossly inflated; (3) Defendants' request for copies of the trial transcripts (Ex. AA) should be denied because Plaintiffs "believe" they were expedited and not necessitated by anything more than the convenience of counsel; and (4) Defendants' request for deposition transcripts overreaches and thus should be denied. (See Doc. 921.) This Court addresses the foregoing arguments in turn.

I.      Defendants' Entitlement to Costs from ABD and Provider Plaintiffs

        A.      ABD Plaintiffs

        Under the Federal Rules of Civil Procedure (FRCP) 54(d), there is a presumption that the prevailing party will be awarded its taxable costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003); FRCP 54(d) ("Costs other than attorneys' fees shall be allowed as of course to the prevailing party

unless the court otherwise directs."). To overcome this presumption, a losing party must establish a reason to deny costs. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Plaintiffs, relying on Stanley, assert Defendants' request for an award of costs from ABD Plaintiffs should be denied because ABD Plaintiffs are indigent and imposing on them the costs of litigation would create a chilling effect on future civil rights litigants. (Doc. 921 at 3.)

The Ninth Circuit has held that, in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party. Stanley, 178 F.3d at 1079; Nat'l Org. For Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982) (finding indigency a factor that the district court may properly consider in deciding whether to award costs). In addition, courts may consider the chilling effect on future litigation from imposing costs on losing plaintiffs of modest means in civil rights cases. Stanley, 178 F.3d at 1080; see also Haldeman v. Golden, Civ. No. 05-00810 DAE-KSC, 2010 WL 2176089 (D. Haw. May 28, 2010).

In considering the factors set forth in Stanley, the Court finds, by the mere fact that ABD Plaintiffs are Medicaid beneficiaries, that ABD Plaintiffs constitute persons of limited income and resources. See 42 U.S.C. § 1396 et seq. The Court also finds that the imposition of costs on ABD Plaintiffs may have a

chilling effect on future civil rights litigants, particularly Medicaid beneficiaries, as the costs in this case are particularly high for those with limited financial means. This Court therefore finds and recommends that Defendants are not entitled to recover costs from ABD Plaintiffs.

        B.        Provider Plaintiffs

Despite Plaintiffs' assertion that "the costs not recoverable from the ABD Plaintiffs should not be shifted to the Provider Plaintiffs because they happen to be co-plaintiffs in a civil rights action," (Doc. 921 at 6) the Court does not find this argument persuasive. On August 31 and September 1, 2009, Provider Plaintiffs willingly joined this action, asserting injuries stemming from Defendants' approval of the waiver and contracts without determining whether providers would remain willing and able to provide care and services to ABD Plaintiffs and other ABD Medicaid beneficiaries. (Doc. 207 at 8; Doc. 208 at 8.) In examining Plaintiffs' argument in light of <u>Stanley</u>, which is the only case cited in Plaintiffs' Objections pertaining to the foregoing argument, the Court does not find Provider Plaintiffs would be rendered indigent by the costs requested by Defendants. See <u>Stanley</u>, 178 F.3d at 1079-80. In addition, the Court is not persuaded that the imposition of costs to Provider Plaintiffs would have a chilling effect on future litigants. As stated above, the burden is on Plaintiffs to rebut the

5

presumption of an award of costs. Here, Plaintiffs have failed to do so with regard to Provider Plaintiffs.

II.      Copying Costs

Defendants request $1732.71 in copying costs for trial exhibits. (Doc. 918 at 7; Ex. N & O.) Plaintiffs object, asserting the costs are grossly inflated. (Doc. 921 at 7.) Specifically, Plaintiffs argue Defendants included a number of unnecessary items obtained merely for their convenience. (Id. at 8.)

To warrant recovery of costs, a party must demonstrate that the photocopies were necessarily obtained for a reimbursable use in the case. 28 U.S.C. § 1920(4). Local Rule 54.2(f) further specifies that:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the cost per page, and the use of or intended purpose for the items copies. As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4). After reviewing the Bill of Costs as well as the Declaration of John F. Molay ("Declaration") in support thereof, the Court finds the requested costs are not recoverable because Defendants failed to make a sufficient showing that such costs were necessary.

Defendants' Declaration provides a brief explanation for the various costs associated with Exhibits N and O. (Doc. 918 at 7.) It simply states "attached to this Motion . . . is a copy of the invoice for the copying of trial exhibits in the format specified by this Court." (Id.) Given Plaintiffs' objections, as well as the brevity of the explanation of copy costs, this Court finds the Declaration does not sufficiently provide for the necessity of the documents copied. See Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). The Court therefore finds and recommends that Defendants' request for copying costs associated with Exhibits N and O be denied.

III.	Trial Transcript Costs

Defendants request $3860.48 for the State of Hawaii's share of trial transcripts. (Doc. 918 at 11; Ex. AA.) Plaintiffs argue these costs are not taxable under Local Rule 54.2(f) because they "believe that the 'invoice' for trial transcripts . . . is for expedited daily transcripts" and Defendants failed to offer a basis for ordering them. (Doc. 921 at 9-10.) According to the Local Rule 54.2(f) and 28 U.S.C. § 1920(2), fees for transcripts must be necessarily obtained for use in the case. Based on Defendants' Declaration, the Court cannot determine that such transcripts were necessary or whether the transcripts were expedited for the convenience of counsel representing Defendants. (See Doc. 918 at 11.) As such,

7

this Court declines to tax Provider Plaintiffs for the trial transcript costs associated with Exhibit AA in the amount of $3860.48.

IV. Deposition Transcripts

Defendants request $14,782.54 for the deposition transcripts of various witnesses, including ABD Plaintiffs and Provider Plaintiffs. (Doc. 918.) Transcript fees are taxable pursuant to 28 U.S.C. § 1920. In addition, Local Rule 54.2(f)(2) states in pertinent part:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

Plaintiffs assert the costs associated with a number of the deposition transcripts overreach and should be denied. (Doc. 921 at 11). Specifically, Plaintiffs argue they should not bear the costs of dismissed plaintiffs or duplicate deposition transcript fees. (Doc. 918; Exs. P, R & S.) In addition, Plaintiffs argue the deposition transcript fees associated with Provider Plaintiffs should be denied because those Plaintiffs were found by the Court to lack standing. (Id. at 12.) Lastly, Plaintiffs assert the deposition transcript fees associated with Exhibits F, H,

and J should be denied because the depositions were taken for the purpose of intimidating and frightening Plaintiffs into dismissing their claims. (Id. at 13.)

    A.    Deposition Costs of Dismissed Plaintiffs in Exhibit P

  Defendants request costs for the deposition transcripts of Nelson Agcaoili, Anita Agcaoili, Dr. Dennis Ayon, and Dr. Malcolm Ing. (Doc. 918 at 7-8; Ex. P.) Plaintiffs object, asserting Defendants agreed to bear the costs of dismissed plaintiffs, specifically those of the Agcaoilis and Dr. Ayon, and the invoice fails to separate out the costs associated with the dismissed plaintiffs. (Doc. 921 at 11.) Upon careful examination of the invoice submitted as well as a review of the stipulations to dismiss plaintiffs Nelson Agcaoili, Anita Agcaoili, and Dennis Ayon, the Court finds Plaintiffs' argument persuasive.

  On October 28 and November 12, 2010, respectively, this Court dismissed plaintiffs Nelson Agcaoili, Anita Agcaoili, and Dennis Ayon. (Doc. 837; Doc. 838; Doc. 861.) The parties stipulated that these dismissed plaintiffs be "held harmless on all accounts in connection with the . . . action." (Id.) Although Dr. Malcolm Ing remained a party to the case, it is unclear from the submitted invoice which costs are attributed to Dr. Ing versus the dismissed plaintiffs. This Court, therefore, finds that the costs associated with Exhibit P in the amount of $715.18 are not taxable against the Provider Plaintiffs.

B. Deposition Transcript Fees for Exhibits R and S

This Court agrees with Plaintiffs that the costs associated with Defendants invoices for the deposition transcripts for Thomas Jones appear to be duplicative. (Doc. 921 at 12; Doc. 918; Exs. R & S.) According to Local Rule 54.2(f)(2), Defendants are permitted to recover the fees from an original transcript plus one copy.

In the Bill of Costs, Defendants submitted two invoices for the deposition of Thomas Jones taken on October 14, 2010. (Doc. 918; Ex. R & S.) Exhibit R is an invoice in the amount of $812.25 for an original and one copy, and Exhibit S is an invoice in the amount of $548.90 for a copy of the deposition. Because Defendants offer no explanation for the duplicate invoices, this Court finds that the costs associated with Exhibit S should be denied.

C. Necessity of Provider Plaintiffs' Depositions

Defendants submitted costs attributable to the pre-trial depositions of Provider Plaintiffs. (See Doc. 918; Doc. 921 at 12.) Despite Plaintiffs' contention that the costs of the depositions were not necessarily incurred because the Provider Plaintiffs were later found to lack standing, this Court finds the costs were reasonably incurred in this case. At the time the depositions were taken, not only were the Provider Plaintiffs parties to the case, but Defendants assert that each of

the deposition transcripts were reasonably expected to be used to prepare for trial. (Id.) This Court finds the costs associated with Provider Plaintiffs depositions necessary. Specifically, the costs outlined in Exhibits L, M, Q, R, T, U, V, W, and X are taxable against Plaintiffs.

D. Costs for Depositions of ABD Plaintiffs

Lastly, Defendants request costs from the depositions of ABD Plaintiffs. (Doc. 918.) Plaintiffs object to the costs of deposition fees outlined in Exhibits F, H, and J of Defendant's Bill of Costs. (Doc. 921 at 14.) Specifically, Plaintiffs argue these fees are not recoverable because the depositions were taken for the purpose of intimidation. (Id. at 13.) The Court finds this argument without merit. Therefore, the costs associated with the deposition fees outlined in Exhibits F, H, and J are taxable against Plaintiffs.

CONCLUSION

In light of the foregoing, the Court finds and recommends that Defendants' Bill of Costs be GRANTED IN PART and DENIED IN PART, and that the Court order the taxation of $14,212.57 in costs against Provider Plaintiffs and in favor of Defendants.

DATED: Honolulu, Hawaii, April 14, 2011

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 14, 2011

G., Parent & Next Friend of K., et al. v. State of Hawaii, Dep't of Human Serv., et al.; Civ. No. 08-00551 ACK-BMK & Civ. No. 09-00044 ACK-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS STATE OF HAWAII DEPARTMENT OF HUMAN SERVICES AND LILLIAN B. KOLLER'S BILL OF COSTS.